JAMES VAN SCHOONHOVEN, Appellant, v. EDMUND J. CURLEY AND WILLIAM A. BRYCE, Respondents.

*Warehouse receipt—duty of one purchasing it—when the purchaser is charged with notice that the article must have been removed from the warehouse.*

Between the 9th and 13th of March, 1875, the defendants deposited fifty barrels of whiskey in a United States bonded warehouse, belonging to them, in Kentucky. Thereafter they issued a warehouse receipt, dated January 25, 1876, stating that the whiskey was made in March, 1875, and that it was received into the warehouse to be held by the defendants—" on storage and for account of and subject to the order of Messrs. James Gill & Co., New York, and deliverable only after payment in cash of short price, and of the U. S. government tax and storage on said whiskey, and the written order of the holder of this receipt on the return of this receipt to us."

On the back of the receipt was printed a law of the State of Kentucky providing that all warehouse receipts should be negotiable and transferable by indorsement, with like liability as bills of exchange, and forbidding any warehouseman from selling, incumbering, shipping, transferring or in any manner removing beyond his immediate control, any property for which a receipt had been given, "without the written consent of the person or persons holding such receipt, and the production of the receipt."

Thereafter, the defendants paid the tax upon the whiskey, withdrew it from the warehouse, and shipped it, on or about April 15, 1876, to Gill & Co., who received it about the 1st of May following, and refunded to the defendants the tax paid by them. On June 21, 1876, James Gill, one of the said firm, transferred the said warehouse receipt to the plaintiff, who received it in good faith and paid full value therefor, receiving at the same time from Gill & Co. a bill of sale of the whiskey and an order directing the defendants to deliver the same to him.

In this action, brought by the plaintiff against the defendants, upon the said receipt, *Held*, that as the United States Revised Statutes require that within one year from the date of its deposit, the duties upon all whiskey deposited in a bonded warehouse must be paid, and the whiskey immediately removed, under penalty of its forfeiture, the plaintiff had notice, from the receipt itself, that at the time he took it the whiskey must have been removed from the warehouse or forfeited to the government.

That he was guilty of negligence in purchasing the receipt from Gill & Co., without making inquiry of the defendants as to the present condition of the whiskey.

That he was not entitled to recover. (Barrett, J., dissented.)

Appeal from a judgment in favor of the defendants, entered upon an order dismissing the complaint made at a Circuit.

*S. B. Brownell*, for the appellant.

*W. A. Beach,* for the respondent.

DAVIS, P. J. :

The fifty barrels of whiskey, for which the receipt, upon which this action is based, was given, were manufactured by the respondent in March, 1875. Between March 9 and 13, they were removed into the distillery bonded warehouse of the respondent, in the seventh district of Kentucky, and on or about April 1, following, they were entered for deposit in said distillery warehouse, in the manner and form required by section 3293 of the United States Revised Statutes. While they remained in that condition, the respondents issued their warehouse receipt, dated January 25, 1876, by the terms of which fifty barrels blue grass Bourbon whiskey, made in the month of March, 1875, containing two hundred and sixty-eight and six-tenths proof gallons, were stated to be received in the distillery bonded warehouse of E. J. Curley & Co., No. 3, Seventh District of Kentucky, to be held by the respondents, " On storage, and for account of and subject to the order of Messrs. James Gill & Co., New York, and deliverable only after payment in cash of short price, and of the United States government tax and storage on said whiskey, and on the written order of the holder of this receipt on the return of this receipt to us."

Upon this receipt was indorsed an act of the State of Kentucky in relation to warehouse receipts; section 3 of which act provides that :

" All receipts issued by any warehouseman, as provided by this act, shall be negotiable and transferable by indorsement in blank, or by special indorsement, and with like liability as bills of exchange now are, and with like remedy thereon."

Section 7 of the same act provides :

" That no warehouseman or other person shall sell or incumber, ship, transfer, or in any manner remove beyond his immediate control any goods, wares, merchandise, produce, commodity, property or chattel, for which a receipt or voucher shall have been given, without the written consent of the person or persons holding such receipt, and the production of the receipt."

And section 8 provides severe penalties, by indictment and civil

remedies, against any person issuing such receipt, who shall violate any one or any part of the provisions of the act.

It appeared, in proof, that the whiskey was withdrawn from the distillery bonded warehouse by the respondents, and the internal revenue tax thereon, amounting to $2,038.50, was paid by them, and the same was refunded to them by Gill & Co., on April 24, 1876, with exchange and withdrawal fee amounting to $2,044.60.

On or about April 15, said fifty barrels of whiskey were shipped by the respondents from Camp Nelson to James Gill & Co. at New York, and were received by them about May 1, 1876. Afterwards, and on June 21, 1876, the appellant received from James Gill, one of the firm of James Gill & Co., the said warehouse receipt, and paid full value therefor by his check, and by the surrender of an acceptance which he held against Gill & Co. At the same time Gill & Co. delivered to him an order directed to the respondents, to deliver to the appellant the said fifty barrels of whiskey, and a bill of sale of the whiskey, describing it, and acknowledging payment therefor. In September following, the appellant demanded the whiskey from one of the respondents, who answered that he could not deliver it, as he had already delivered it to Gill & Co. Upon which state of facts the court below dismissed the appellant's complaint, holding that the respondents were not liable to him upon the said receipt.

An examination of the provisions of the United States Revised Statutes relating to whiskey deposited in distillery bonded warehouses shows that such whiskey must be withdrawn and duties paid thereon within one year of the date of the bond given upon the entry on deposit, and that upon the payment of the taxes accrued according to the condition of the bond, the whiskey must be immediately removed under penalty of the forfeiture of the same. (U. S. Rev. Stat., §§ 3271, 3287, 3288, 3293.)

The receipt on its face showed that the whiskey in question was made in March, 1875, and was entered for deposit in April following, and was subject to the provisions of the internal revenue laws of the United States applicable to such property when entered for deposit in distillery bonded warehouses. It is claimed that it was therefore notice to the appellant that the whiskey described in the

receipt must be removed on or before April 6, 1876 ; and that at the time the receipt was transferred to him the whiskey must either have been removed from the warehouse or forfeited to the government ; and that this notice put him upon such inquiry that he is not entitled to fall back upon the provisions of the statute of Kentucky in respect to warehouse receipts, above referred to, and hold the respondents to the liabilities therein imposed. It was upon this view of the rights of the appellant, that the court below dismissed the complaint.

It is an established rule of law that where a purchaser of negotiable paper, even for full value, has notice of facts which put him upon inquiry, he is bound to make such inquiry ; or, failing to do so, his rights are subject to the effect of such facts as inquiry would have developed. Applying this principle to the case in hand, in connection with the notice which the provisions of the U. S. Revised Statutes must be held to have given to the appellant, to wit, that the whiskey had either been withdrawn on payment of taxes, or must have been forfeited to the government, we can hardly fail to see that the appellant was guilty of negligence in purchasing the receipt of Gill & Co., without making inquiry of the respondents as to the then present condition of the whiskey. He must, in other words, be held to have known that the whiskey was not remaining, and could not be remaining, in the bonded warehouse named in the receipt, as the property of the respondents, or of Gill & Co., but that some other disposition must have been made to have prevented its forfeiture. To this fact we think he had no right to shut his eyes, and rely upon the provisions of the statute of Kentucky, which, as is conceded by both parties, would be the law of the case, if not affected by the laws of the United States. Undoubtedly, were it not for the provisions of the laws of the United States, which must be held *pro tanto* to modify the statute of Kentucky, the appellant would be entitled to enforce the liabilities imposed by the last named statute.

Upon the facts as they appear, a gross fraud was perpetrated upon the appellant, by James Gill & Co., and it is insisted on his part that the respondents, by their negligence in not requiring the surrender of the warehouse receipts at the time of shipping the

goods to James Gill & Co., had armed that firm with power to perpetrate such fraud upon an innocent purchaser, and therefore should be held responsible for the consequences. There would be great force in this position, if it were not for the fact that the receipt bears upon its face a condition of things which necessarily put a purchaser upon inquiry as above suggested, and inquiry of the defendants would have disclosed that the receipt had been exhausted by the actual delivery of the whiskey to Gill & Co. It cannot, therefore, be said that the respondents ought legally to be held liable for the fraud of Gill & Co., inasmuch as the injury caused by that fraud is chargeable to the neglect of the appellant in not making inquiry as to the then place of deposit, or whereabouts of the whiskey, before purchasing. The maxim *volenti non fit injuria* seems to us to be applicable to the case; and it would follow that the court below was correct in dismissing the complaint.

The judgment must therefore be affirmed.

BRADY, J., concurred.

BARRETT, J., dissenting :

I feel constrained to differ with my brethren in this case. In my judgment, there was nothing upon the face of the warehouse receipt to put the plaintiffs upon inquiry. It is true that such receipt, read, and properly so, in connection with the United States statute, was notice that the tax must be paid, and the whiskey removed within the year. With such notice the plaintiffs were properly chargeable, but what was its effect? Not that the tax had been paid, and the whiskey removed by Gill & Co., *for they were in possession of the receipt.* Necessarily, in view of the latter fact, the notice was either that the whiskey had been forfeited—as to which it may be said plaintiffs took their risk—or that it had been withdrawn by the defendants. This is what any prudent business man would have supposed under the circumstances. Surely the plaintiffs were not put upon inquiry as to whether the defendants, after paying the tax and withdrawing the whiskey, had converted the latter to their own use, or thrown it

away. They had a right to rely upon the Kentucky statute, in sub-ordination, of course, to that of the United States, but as governing after compliance with the latter. There was really nothing, in this view, to inquire of the defendants about. Their receipt covered the case. It said quite plainly to the innocent vendee, " we still hold the whiskey, not in our bonded warehouses (because of the United States statute), but elsewhere, in our lawful possession (because of the Kentucky statute and our duty under this receipt). We so hold it as warehousemen, subject to our lien *for storage*, &c., and *deliverable only upon the return of this receipt to us* after payment in cash of *such storage*, as well as of the tax which we have paid, and short price." I think there should be a new trial.

. Judgment affirmed.